UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT J. LEFLER,

        Plaintiff,                      Case No. 1:10-cv-800

v.                                          Honorable Gordon J. Quist

UNKNOWN PARTY #1 et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Wolfgang, John Doe #1, John Doe #2, Jane Doe, Grubaugh, Schooley, and Hurley Medical Center. The Court will serve the complaint against Defendants Correctional Medical Services, Inc., Gregurek, Holmes, and Pandya.

**Discussion**

I.        Factual allegations

Plaintiff Robert J. Lefler presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Florence Crane Correctional Facility, though the actions he complains of occurred while he was being transferred from the Saginaw Correctional Facility (SRF) to the St. Louis Correctional Facility (SLF) and, subsequently, while he was housed at the Bellamy Creek Correctional Facility (IBC). He sues the following Defendants: SRF transporting officers (unknown) Wolfgang, John Doe #1, and John Doe #2; IBC Nurses T. Grubaugh and S. Gregurek; IBC Doctor Scott L. Holmes, IBC Assistant Deputy Warden J. Schooley; MDOC Regional Medical Director Dr. Haresh Pandya; an unknown civilian car driver named as Jane Doe; Hurley Medical Center; and Correctional Medical Services, Inc. (CMS).

Plaintiff alleges that, on September 7, 2007, he and several other prisoners were being transported from SRF to SLF by Defendant transporting officers Wolfgang, John Doe #1, and John Doe #2. When he was placed in the van, Plaintiff asked Defendant John Doe #2 to fasten his seat belt, because he could not manage the task while his wrists were bound by restraints attached to his waist. John Doe #2 allegedly refused, telling Plaintiff to "figure it out." (Compl., ¶ 16, Page ID #3.) Subsequently, while the prison van was stopped at a red light, Defendant Jane Doe failed to stop her vehicle, crashing it into the rear of the van in which Plaintiff was riding. The force of the collision pushed the van into the vehicle in front of it. Plaintiff was flung head-first against the metal barrier between the officers and prisoners, striking his face and his knees. Plaintiff experienced whiplash and suffered injuries to his neck, knee, and back.

The transporting officers did not wish to call an ambulance, but the reporting officer eventually did so. The prisoners were taken to the Hurley Medical Center. While they were in the hospital room, Defendant Wolfgang began yelling at the prisoners, calling them "babies," and threatening to show them "what real pain is." (Compl., ¶¶ 20-21, Page ID #3.) Defendant Wolfgang then told the Hurley Hospital medical staff that they should not "even bother treating these little cry babies because my taxes ain't going to pay for no little stretches – They have medical doctors back at the prison facilities where they will be going, so let['s] go." (Compl., ¶ 22, Page ID #4.) Plaintiff was given a tetanus shot and released. When Plaintiff requested an MRI, a Hurley Hospital nurse denied his request.

When the prisoners arrived at SLF, all medical staff had gone home for the night, with the exception of one nurse. Plaintiff alleges that Defendant transportation officers should have been aware that the staff would be gone when they insisted upon leaving the hospital. The prisoners were told that they would see a doctor the next day if the schedule permitted. Plaintiff did not see a doctor until four days later. At that time, Plaintiff was given an x-ray, but not an MRI. Despite Plaintiff's continuing complaints of pain over the next six to seven months, an MRI was not performed until November 13, 2007. The MRI showed bulging disks at C4-5, C5-6, and C6-7 and at T6-7 and T7-8. After the results came back, Plaintiff was given stronger pain medications and muscle relaxers. His pain medication ultimately was increased to a high dosage of Neurontin, but he continued to have pain. Not until two and one-half years later was Plaintiff given a TENS unit, which helped substantially with the pain, though it was ineffective on some occasions. Plaintiff also requested a back brace, but it was not ordered. In addition, Plaintiff's request to see a specialist was

never honored. He alleges that Defendants CMS, Gregurek, Holmes, Schooley, and Pandya continually denied him a consultation with a specialist and a back brace. He also alleges that the long delay in authorizing the TENS unit caused him unnecessary pain and suffering.

Plaintiff alleges that his rights under the Eighth Amendment were violated when he was transported in a state vehicle without a seat belt. He also alleges that he was deprived of his Eighth Amendment rights by the inadequate treatment of his injuries and pain. In addition, he contends that Defendants' failure to administer pain medication, a TENS unit, tennis shoes and back brace in a timely manner violated the Eighth Amendment. He alleges that the same facts violated his rights to due process and equal protection. He also alleges state constitutional and tort claims arising from those facts.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.

Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Wolfgang, John Doe #1, and John Doe #2

Plaintiff complains that Defendant transport officers Wolfgang, John Doe #1, and John Doe #2 violated his Eighth Amendment rights by transporting him without a seat belt and by rushing him out of Hurley Hospital without complete treatment. The Cruel and Unusual Punishments Clause of the Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Trop v. Dulles*, 356 U.S. 86 (1958). The clause therefore prohibits conduct by prison

officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

An Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 1977 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). A prison official cannot be found liable unless the official has acted with deliberate indifference; that is, the official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837. Thus, the mental state required for an Eighth Amendment claim is not actual intent, but something close to common-law recklessness. *Hubbert v. Brown*, Nos. 95-1983, 95-1988, 96-1078, 1997 WL 242084, at *5 (6th Cir. May 18, 1997) (relying on *Farmer*, 511 U.S. at 836 n.4).

The reason for focusing on a defendant's mental attitude is to isolate those defendants who inflict punishment. *Farmer*, 511 U.S. at 839. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety"). As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation.

> The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839.

In certain circumstances, the failure to fasten a prisoner's seatbelt may be sufficient to state a claim under the Eighth Amendment. *See, e.g., Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038, 1039 (8th Cir. 2004) (holding that allegations that an officer refused to fasten a prisoner's seatbelt and then deliberately drove recklessly was sufficient to state a claim under the Eighth Amendment). However, a defendant's failure to fasten a prisoner's seatbelt, even following a prisoner's request to do so, does not, standing alone, violate the Eighth Amendment. *See Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902 (8th Cir. 1999) (placement of unsecured, wheelchair-restricted quadriplegic pretrial detainee in a van does not implicate the Eighth Amendment where the driver otherwise was cautious and the accident was not the driver's fault); *Dexter v. Ford Motor Co.*, 92 F. App'x 637, 637 (10th Cir. 2004) (holding that a failure to seatbelt does not itself expose a prisoner to a risk of constitutional dimension); *Ingram v. Harrington*, No. 4:06-CV-P65-M, 2007 WL 2815965, at *5 (W.D. Ky. Sept. 26, 2007) (holding that mere refusal to seatbelt a shackled prisoner does not state an Eighth Amendment claim); *Young v. Mich. Dep't of Corr.*, No. 04-10309, 2007 WL 2214520, at *2 (E.D. Mich. Jul. 27, 2007) (same).

Plaintiff claims no more than that Defendant transportation officers Wolfgang, John Doe #1, and John Doe #2 refused to fasten his seatbelt. He does not allege that they drove recklessly or that they caused the accident. As a consequence, Plaintiff fails to state an Eighth Amendment claim against them for the failure to fasten his seatbelt.

With respect to Plaintiff's allegations about Wolfgang's abusive language at the hospital, Plaintiff also fails to state an Eighth Amendment claim. The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey*, 832 F.2d at 954-55; *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support

his claim under the Eighth Amendment."). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Wolfgang arising from his alleged verbal abuse.

Further, Plaintiff's claims that the transportation officers did not want to take the injured prisoners to the hospital fails to state a claim because Plaintiff has not alleged an injury arising from the officers' attitude. The reporting officer called an ambulance, and Plaintiff was transported. Moreover, the mere fact that Defendant transportation officers terminated Plaintiff's treatment at the hospital and returned him to his prison facility to be seen by the facility's medical providers does not rise to the level of deliberate indifference to a serious medical need. As previously discussed, the subjective component of the deliberate-indifference standard requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. By Plaintiff's own admissions, the transportation officers believed that none of the prisoners had been seriously injured. Instead, they believed the prisoners were malingering in order to have a "stretch" somewhere outside the MDOC. (Compl., ¶22, Page ID #4.) Plaintiff does not allege that he was bleeding or had any immediately apparent serious injury. Under such circumstances, Plaintiff cannot show that the transportation officers either were aware of facts suggesting a substantial risk of serious harm or that they drew such an inference.

For all these reasons, Plaintiff fails to allege an Eighth Amendment violation by Defendants Wolfgang, John Doe #1, or John Doe #2.

### B. Hurley Medical Center and Jane Doe

Plaintiff sues the Hurley Medical Center, presumably for releasing him before completing a full evaluation of his injuries. He sues Jane Doe for her negligence in operating the motor vehicle that struck the prison van in which Plaintiff was riding.

As previously discussed, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West*, 487 U.S. at 48; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street*, 102 F.3d at 814. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff has not presented any allegations by which the hospital's conduct could be fairly attributed to the State. The fact that Defendant Hurley Medical Center may receive public funding and that the hospital is licensed by the state does not render it a "state actor" for purposes of § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (nonprofit, privately operated school's receipt of public funds did not make its employee discharge decisions acts of state subject to suit under federal statute governing civil action for deprivation of rights); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (allegation that hospital and social worker were subject to state

licensing was insufficient to support finding that defendants were acting under color of state law); *Adams v. Vandemark*, 855 F.2d 312, 315-16 (6th Cir. 1988) (fact that nonprofit corporation was funded almost entirely by public sources, and was subject to state regulation, without more, is insufficient to make private entity's decision to discharge employees attributable to state for purpose of § 1983 action). Further, even if the hospital treated Plaintiff at the state's request and expense, it did not thereby become a state actor. *See Rendell-Baker*, 457 U.S. at 841 ("private contractors do not become the acts of the government by reason of their significant or even total engagement in performing public contracts"). Accordingly, Plaintiff fails to state a § 1983 claim against Defendant Hurley Medical Center.

Plaintiff Jane Doe is a private individual with no alleged connection to the State of Michigan or its departments or employees. As a consequence, Plaintiff fails entirely to allege a § 1983 claim against her.

### C. Defendants Grubaugh and Schooley

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree

of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Here, Plaintiff fails even to mention Defendant Grubaugh in the body of his complaint. Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendant Grubaugh.

Moreover, although Plaintiff mentions Defendant Schooley in a single conclusory paragraph, he makes no factual allegations about Schooley's conduct. Plaintiff does not allege that Schooley, as an Assistant Deputy Warden, was responsible for treatment of Plaintiff's medical needs. Presumably Plaintiff intends to imply that Schooley, as Assistant Deputy Warden, was responsible for the conduct of his subordinates or that Schooley denied one or more of his grievances.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendant Schooley engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against Defendant Schooley.

### D. Due Process & Equal Protection Claims

Plaintiff alleges, without further explanation, that Defendants' conduct violated the Due Process and Equal Protection Clauses. All of Plaintiff's allegations involve the appropriateness of care for his health and safety. As a consequence, he appears to suggest that the Due Process Clause provides additional protections not covered by the Eighth Amendment. In addition, he appears to allege that he intentionally was deprived of the care provided to other, unidentified prisoners.

The Due Process Clause of the Fourteenth Amendment operates to guarantee to pretrial detainees protection from abusive detention parallel to that provided by the Eighth Amendment to convicted prisoners. *See Aldini v. Johnson*, 609 F.3d 858, 865 (6th Cir. 2010); *Thompson v. County of Medina*, 29 F.3d 238, 242 (6th Cir. 1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard). The Due Process Clause, however, separately provides no protection to convicted prisoners for allegations governing the conditions of their confinement. Instead, the claims of convicted prisoners are governed by the Eighth Amendment. *Aldini*, 609 F.3d at 864 (contrasting the circumstances in which the Eighth (convicted prisoners), Fourteenth (pretrial detainees) and Fourth (free citizens) Amendments apply to government treatment of individuals); *Griffin v. Hardrick*, 604 F.3d 049, 953 (6th Cir. 2010) (contrasting application of Eighth and Fourteenth Amendments). Plaintiff therefore fails to state a due process claim against any Defendant.

Plaintiff also alleges that the conduct of Defendants violated his rights under the Equal Protection Clause. Plaintiff's claim is wholly conclusory. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Ashcroft*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555. Here, Plaintiff fails even to allege that he was treated differently than some other

person, much less to allege that such person was similarly situated in all relevant respects. Plaintiff therefore fails to state an equal protection claim.

### E. Supplemental Jurisdiction

Plaintiff raises a variety of state-law claims. The Court has dismissed all federal claims arising out of both the automobile accident and Plaintiff's treatment at the Hurley Medical Center, including the Eighth Amendment claims against Defendants Wolfgang, John Doe #1, John Doe #2, Jane Doe, and Hurley Medical Center. "Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). "Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Because the Court has dismissed all federal claims against Defendants Wolfgang, John Doe #1, John Doe #2, Jane Doe, and Hurley Medical Center, retaining supplemental jurisdiction over claims related to the same subject matter would not serve judicial economy. The Court therefore declines to exercise supplemental jurisdiction over any state-law claims related to the same subject matter.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Wolfgang, John Doe #1, John Doe #2, Jane Doe, Grubaugh, Schooley, and Hurley Medical Center will be dismissed for failure to state a claim pursuant to 28

U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court also will dismiss Plaintiff's due process and equal protection claims. The Court will serve the remainder of the complaint on Defendants Correctional Medical Services, Inc., Gregurek, Holmes, and Pandya.

An Order consistent with this Opinion will be entered.


Dated: September 17, 2010                              /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE